Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiffs, and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID VACCARO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE KROGER CO. d/b/a RALPH'S, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:25-cv-03475-JFW-AS<br><br>**FIRST AMENDDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) CALIFORNIA PENAL CODE § 632.7 [CLASS CLAIM]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>**<br><br>(Amount to Exceed $35,000) |

1. DAVID VACCARO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of THE KROGER CO. ("Defendant"), its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record telephone

conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 et seq., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632.7 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant. Defendant conducts business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice. Therefore, personal jurisdiction is present, and this Court has jurisdiction.

4. Defendant removed the case from state court to this Court. Plaintiff does not contest jurisdiction at this time.

5. Venue is proper in the County of Los Angeles because a substantial amount of the events giving rise to Plaintiff's claims occurred in the county of Los Angeles.

## PARTIES

6. DAVID VACCARO ("Plaintiff") at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant THE KROGER CO. ("Defendant") is, and at all times mentioned herein was, a grocery retailer incorporated in the State of Ohio and doing business under the Ralph's brand name. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

8. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10. On or around January 28, 2025, Plaintiff contacted Defendant to inquire about a slip-and-fall accident he had experienced at one of Defendant's stores.

Plaintiff did so by calling Defendant's customer service phone number, 1-800-576-4377.

11. Plaintiff spoke with Defendant's customer service representative, on his cellular telephone, briefly before the phone call was dropped. Defendant's customer service representative then called Plaintiff back.

12. Plaintiff called Defendant a second time on January 29, 2025, to ask about the incident report for the above-mentioned slip-and-fall accident.

13. At no time during any of these phone calls did Defendant disclose to Plaintiff that it was recording the call.

14. Defendant, however, did in fact record every call with Plaintiff.

15. Plaintiff only discovered that he was being recorded when he asked Defendant's customer service representative, at the end of his call, whether the call was being recorded. Defendant's customer service representative advised that the call was being recorded.

16. On information and belief, it is Defendant's practice to record all inbound and outbound telephone communications.

17. The contents of the calls between Defendant and Plaintiff that were recorded by Defendant were confidential in nature.

18. At no point did Plaintiff have a reasonable expectation that any of the calls with Defendant were being recorded because at no time did Defendant inform Plaintiff that it was recording their conversation. Had Plaintiff known that the conversation was being recorded by Plaintiff he would have conducted himself differently on the telephone.

19. The recording of Plaintiff's phone calls by Defendant constitutes an invasion of privacy. Plaintiff felt upset, disturbed, and/or violated upon learning that Defendant had recorded their calls. This invasion of privacy constitutes an insult to Plaintiff's dignity.

20. Today, it is common practice for companies to provide a notice at the outset of all customer service calls with consumers stating that the call will be recorded for quality assurance purposes (or other similar language). Here, Defendant intentionally did not provide this required disclosure which lead Plaintiff and the class members to believe they were not being recorded. Plaintiff and class members had a reasonable expectation of privacy that the customer service calls would not be recorded. Defendant violated Plaintiff's and class members' privacy by recording the calls without Plaintiff's and class members' consent.

21. Plaintiff and class members provided Defendant with valuable information (the free recordings of the calls) without their consent or knowledge.

22. Defendant records the phone calls without consent to obtain valuable data from Plaintiff and class members. The entire purpose of CIPA is to provide California consumers with a means to pursue statutory damages for the breach of their privacy when a company records them without their knowledge. The judgment of the California Legislature indicates that the alleged violations of Plaintiff's statutory rights under CIPA constitute concrete injury in fact. This conclusion is supported by the historical practice of courts recognizing that the unauthorized interception of communication constitutes cognizable injury.

23. Thus, Plaintiff and putative class members "have provided valuable data to [Defendant] and have received no money in return." *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 U.S. Dist. LEXIS 244695, at *52 (N.D. Cal. Dec. 22, 2021) (collecting cases); *see also Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 803 (N.D. Cal. 2022) ("[B]y providing Facebook with their information and attention, they 'lost money or property.'"). The loss of this data as well as Defendant's violation of Plaintiff's privacy constitutes standing in this Court.

24. "[V]arious intangible harms can . . . be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190,

2200 (2021). The Supreme Court has recognized that "intrusion upon seclusion" is included among those traditionally recognized harms. *Id.* at 2204. The Restatement (Second) of Torts section 652B, comment b (1977) states that "tapping . . . telephone wires" is as an example of intrusion upon seclusion. The Ninth Circuit has held that "[v]iolations of the right to privacy have long been actionable at common law," and that "[a] right to privacy 'encompass[es] the individual's control of information concerning his or her person." *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598 (9th Cir. 2020). Statutes such as CIPA "codify a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing." *Id.*

25. It is Defendant's pattern and practice to record outbound and inbound calls made to California residents. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls he made to Defendant in California were recorded. There was no pre-call recorded message. Defendant's representatives never informed Plaintiff that the calls were being recorded, until they were directly asked.

26. Plaintiff did not learn that Defendant recorded the phone conversations until after the recording had already been made.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

27. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls between Plaintiff and members of the California Class and Defendants without their knowledge or consent.

28. Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

29. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Class") defined as follows:

> All persons in California whose outbound telephone conversations made to their cellular telephones by Defendant or its agent/s were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action to the date of class certification in this action.

31. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes members of the Classes number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

32. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recording outbound telephone conversations without their consent within the one year prior to the filing of the original Complaint in this action. Plaintiff and members of the Classes were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand definition of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of members of the Classes is impractical and the

disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual member of the Classes, including the following:

a. Whether Defendant has a policy of recording incoming and/or outgoing calls;
b. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;
c. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;
d. Whether Defendant's policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7; and 637;
e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and
f. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As a person whose telephone communications with Defendant made from his cellphone were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation, or three times the amount of actual damages, pursuant to California Penal Code § 632.7.

37. Plaintiff will fairly and adequately represent and protect the interests

of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

38. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual members of the Classes' claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

///

## FIRST CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

*ON BEHALF OF THE CLASS*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

43. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632 and 632.7. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

44. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

45. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

46. Plaintiff is informed and believes, and thereupon alleges, that the telephonic communication equipment utilized by Defendant for all inbound and outbound calls is a cellular telephone, a landline telephone, or a cordless telephone.

47. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

48. Plaintiff is informed and believes, and thereupon allege, that all these devices were maintained and utilized to record each and every inbound and outbound telephone conversation over said telephone lines.

49. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class, utilizing cellular telephones, all in violation of California Penal Code § 632.7.

50. In *In re Facebook, Inc. Internet Tracking Litigation*, the Ninth Circuit held that the violation of a substantive right to privacy, such as a violation of Cal. Penal Code § 632.7, is itself sufficient to convey standing under Article III of the United States Constitution. 956 F.3d 589, 599 (9th Cir. 2020).

51. Plaintiff additionally alleges that he felt upset, disturbed, and/or violated upon learning that Defendant had recorded their calls. This invasion of privacy by Defendant constitutes an insult to Plaintiff's dignity.

52. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

53. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Classes the following relief against Defendant:

a. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representatives of the Class;

b. For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

c. For $2,500 per violation of California Penal Code § 632.7 for Plaintiffs and each member of the Class;

d. Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation;

e. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and the Class;

f. For general damages according to proof;

g. For costs of suit;

h. For prejudgment interest at the legal rate;

i. For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

j. For such further relief as this Court deems necessary, just, and proper.

///

///

///

///

///

///

## Trial By Jury

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 23, 2025

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: ______________________

TODD M. FRIEDMAN, Esq.
ADRIAN R. BACON, ESQ
Attorney for Plaintiff

Filed electronically on this 23rd Day of May, 2025, with:

United States District Court CM/ECF system.

Notification sent electronically on this 23rd Day of May, 2025, to:

Honorable John F. Walter
United States District Court
Central District of California

And All Counsel of Record as Recorded On The Electronic Service List

/s/ Adrian R. Bacon, Esq.

Adrian R. Bacon